278 February 26, 2025 No. 165

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

JOSHUA VINCENT WALSH,
*Petitioner-Appellant,*

*v.*

COREY FHUERE,
Superintendent,
Oregon State Penitentiary,
*Defendant-Respondent.*

Marion County Circuit Court
19CV52388; A179495

Patricia A. Sullivan, Senior Judge.

Submitted January 28, 2025.

Jedediah Peterson and O'Connor Weber LLC filed the brief for appellant. Joshua V. Walsh filed the supplemental brief *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Erin K. Galli, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Petitioner, who was convicted of robbery and burglary against roommates W and G, appeals a judgment denying him post-conviction relief. On appeal, he asserts three assignments of error (two counseled and one *pro se)* alleging inadequate and ineffective assistance of counsel. Reviewing for legal error and accepting the post-conviction court's supported implicit and explicit factual findings, *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015), we affirm.

To be entitled to post-conviction relief, under the state and federal constitutions, petitioner must demonstrate both (1) that counsel failed to exercise reasonable skill and judgment and (2) that petitioner suffered prejudice as a result. *See McMullin v. Amsberry*, 310 Or App 542, 551, 485 P3d 278 (2021) (explaining that the state and federal tests for reviewing inadequate/ineffective assistance of counsel claims are "functionally equivalent" (citing *Montez v. Czerniak*, 355 Or 1, 6-7, 322 P3d 487, *adh'd to as modified*, 355 Or 598, 330 P3d 595 (2014)).

In his first counseled assignment of error, petitioner argues that trial counsel was ineffective in not advancing the best argument to support a motion to suppress G's eyewitness identification of petitioner, which would have bolstered one of his defenses that he was not present at W and G's apartment during the burglary and robbery. Specifically, petitioner contends that counsel should have argued that inconsistencies in G's identification of petitioner in which she described petitioner as "balding" and "bald" in separate instances rendered the identification unreliable. The post-conviction court concluded that petitioner was unable to establish either prong of the ineffective assistance of counsel inquiry.

Even assuming that trial counsel was deficient, we conclude that petitioner was not prejudiced. In light of the evidence that petitioner was at that apartment—which included a codefendant's testimony that he and petitioner committed the burglary and robbery together and a jail house phone call in which petitioner indicated that he was

in the apartment—we are unpersuaded that there is a reasonable probability that additional arguments disputing G's identification during the suppression hearing would have resulted in a different outcome. *See Strickland v. Washington*, 466 US 668, 694, 104 S Ct 2052, 80 L Ed 2d 674 (1984) (to show prejudice under the Sixth Amendment, a petitioner must establish "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"); *Green*, 357 Or at 323 (to show prejudice under Article I, section 11, a petitioner must establish that counsel's deficient performance "could have tended to affect the outcome of the case" (internal quotation marks and emphasis omitted)). Accordingly, the post-conviction court did not err.

    In his second counseled assignment of error, petitioner contends that trial counsel was ineffective in not demurring to Counts 4 (first-degree robbery), 5 (first-degree burglary), and 6 (second-degree robbery) because the indictment did not specify the basis for joinder. Again, petitioner has not established prejudice, because those three counts were properly joined, as they stem from the same incident—the robbery and burglary at W's and G's apartment. Had trial counsel demurred, the state could have amended the indictment, curing any deficiency and, thus, the decision not to demur had no effect on the outcome of the case. *Green*, 357 Or at 323; *Strickland*, 466 US at 694.

    In his *pro se* assignment of error, petitioner contends that his trial counsel was ineffective in not objecting to statements made by the prosecutor that may have been false or misleading. The post-conviction court determined that those statements were not false or misleading. Having reviewed the record, we find no error in that conclusion. *See Green*, 357 Or at 312 (concluding that a post-conviction court's "findings of historical fact are binding on this court if there is evidence in the record to support them").

    Affirmed.